IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**INEZ HINTON, #94655**                                                **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 1:02cv774-JMR**

**JASON SIMS**                                                   **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, regarding failure of the petitioner to respond the Court's Text Orders of October 28, 2005, and December 8, 2005, and failure to attend the pretrial conference on December 15, 2005, as scheduled by the Court.

The Court entered a Text Order on October 28, 2005, which set the trial in this case for January 30, 2006, and set a settlement and pretrial conference for December 13, 2005. Confidential memoranda for the conference were due in chambers by December 6, 2005. All notices of the Court's Orders were sent to the address provided to the Court by the petitioner at the June 21, 2005, pretrial conference and the mail was never returned to the Court by the post office. The petitioner failed to file any memoranda with the Court as instructed. The Court, in a December 8, 2005, Text Order, rescheduled the pretrial conference for December 15, 2005, and sent notice to the petitioner's provided address. The United States Marshal Service advised that the petitioner had been released from prison and that a Writ of Habeas Corpus Ad Testificandum was not necessary to compel her presence. The petitioner failed to be present at either scheduled conference time.

This Court has authority to dismiss an action for the petitioner's failure to prosecute under Rule 41 (b) of the Federal Rules of Civil Procedure under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County*

*Independent School District*, 570 F. 2d 541, 544 (5th Cir. 1978); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the petitioner has failed in her obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, it is the opinion of the Court that this cause be dismissed without prejudice for the petitioner's failure to comply with the Court's Orders and Rule 41(b) of the Federal Rules of Civil Procedure. It is therefore,

ORDERED AND ADJUDGED that the petitioner's case is hereby dismissed without prejudice.

THIS the   16th   day of December, 2005.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE